UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| NOW DISC, INC., an Idaho Corporation,<br><br>                   Plaintiff,<br><br>   v.<br><br>JOHN MUNN, an Individual,<br><br>                   Defendant. | Case No. 4:10-CV-00403-EJL<br><br>**MEMORANDUM ORDER** |

Pending before the Court in the above-entitled matter are the Defendant's Motion to Dismiss and the Plaintiff's Motion for Preliminary Injunction. The matters are ripe for the Court's consideration. Having fully reviewed the record herein, the Court finds that the facts and legal arguments are adequately presented in the briefs and record. Accordingly, in the interest of avoiding further delay, and because the Court conclusively finds that the decisional process would not be significantly aided by oral argument, this motion shall be decided on the record before this Court without oral argument. Local Rule 7.1.

**Factual and Procedural Background**

The Plaintiff, Now Disc, Inc., is a disc replication company located in Idaho Falls, Idaho. In September of 2008 the Defendant, John Munn, contacted Now Disc regarding possible employment. On September 18, 2008, the parties executed and entered into an Independent Contractors Agreement ("Agreement") by which Mr. Munn would "[m]anage and oversee and promote the sales of all optical media products of Now Disc in the eastern United States." (Dkt. No. 9, Ex. A ¶ 1.) Paragraph 8 of the Agreement is a non-solicitation, non-competition clause which precludes Mr. Munn from "soliciting or performing any work or duty in the sale or production of optical media products for himself, others, other entities, or competitors of Now Disc outside of this Independent Contractors Agreement or following termination of this Independent Contractors Agreement for a period of two years. The scope of [which] shall be the United States east of the Mississippi River." (Dkt. No. 9, Ex. A ¶ 8.) Any modifications of the Agreement were required to be in writing which was done once in June of 2009. (Dkt. No. 9, Ex. A ¶ 15.) Approximately a year later, on September 24, 2009, the parties business association was terminated.

Thereafter, on May 21, 2010, Mr. Munn filed a lawsuit in the Eastern District of North Carolina, Southern Division, against Now Disc for breach of contract. (Dkt. No. 7.) On, August 11, 2010, Now Disc filed the lawsuit against Mr. Munn in this District alleging breach of contract, breach of the implied covenant of good faith and fair dealing, conversion, breach of non-compete clause, fraud/intentional misrepresentation, unjust

enrichment, violation of the Langham Act and/or trademark infringement, and for injunctive relief. (Dkt. No. 1.) Mr. Munn has not answered the Complaint in this case but has, instead, filed a Motion to Dismiss or, alternatively, to Stay this action until final determination of the North Carolina action. (Dkt. No. 7.) Now Disc likewise filed a Motion to Dismiss or, alternatively, to Transfer Venue in the North Carolina action. (Dkt. No. 7.) It appears the North Carolina court has, on September 20, 2010, granted Now Disc's Motion to Dismiss for improper venue. (Dkt. No. 10, Ex. A.) On September 30, 2010, Now Disc filed the instant Motion for Preliminary Injunction. The Court finds as follows.

## Analysis

**I.     Defendant's Motion to Dismiss**

Mr. Munn's Motion to Dismiss is made pursuant to Federal Rule of Civil Procedure 12(b)(3) and 13 alleging improper venue and to avoid duplicative litigation. (Dkt. No. 7.) The Motion asks the Court to dismiss the Complaint or, alternatively, to stay the proceeding pending a final determination as to venue in connection with the previously filed action in North Carolina. (Dkt. No. 7.) In response, Now Disc argues the Motion should be denied in light of the North Carolina court's ruling dismissing Mr. Munn's action filed in that court. (Dkt. No. 10.) Mr. Munn has not filed a reply and the time for doing so has expired.

Because the basis for Mr. Munn's Motion, the pendency of the venue motion before the North Carolina court, no longer exists, the Motion to Dismiss in this matter is

moot. The North Carolina court has dismissed Mr. Munn's case in that district. (Dkt. No. 10, Starnes Aff, Ex. A.) As such, his Motion to Dismiss in this case is without an basis and will be denied.

## II.    Plaintiff's Motion for Preliminary Injunction

Now Disc seeks an injunction preventing Mr. Munn from engaging in conduct that violates the non-solicitation, non-competition clause in the Agreement. (Dkt. No. 12.) Mr. Munn has not responded to the Motion and the time for filing any response has passed. The Court finds as follows.

As Now Disc correctly argues, Idaho law applies to the Motion for Preliminary Injunction. (Dkt. No. 12, p. 2.) Where, as here, the Court's jurisdiction is based upon diversity of citizenship, state law governs the determination of the parties' substantive rights under their agreements. *See Hogan v. Wal-Mart Stores, Inc.*, 167 F.3d 781, 783 (2nd Cir. 1999). Under the doctrine of *Erie Railroad Co. v. Tompkins*, 304 U.S. 64, 78 (1938), federal courts exercising diversity jurisdiction in an action based on state law apply the same rules that state courts would apply to all "substantive" issues in the case; "procedural" matters, however, are controlled by the Federal Rules. *See Walker v. Armco Steel Corp.* 446 U.S. 740, 750 (1980). In the Ninth Circuit injunctive relief is a "substantive" issue and therefore governed by state, not federal, law. *See Sims Snowboards, Inc. v. Kelly*, 863 F.2d 643, 647 (9th Cir. 1988) ("The general equitable powers of federal courts should not enable a party suing in diversity to obtain an injunction if state law clearly rejects the availability of that remedy."). Thus, the Court

**MEMORANDUM ORDER - 4**

here looks to state law to determine whether the relief requested by Now Disc, specific performance under the Agreement enforcing the non-compete clause, should be granted. In making this determination, Paragraph 8 of the Agreement resolves the choice-of-law question such that the parties have agreed that Idaho law will apply to any dispute between them. Accordingly, the Court will apply Idaho law to this Motion.

Idaho Rule of Civil Procedure 65(e), provides a preliminary injunction may be granted in the following cases:

> (1) When it appears by the complaint that the plaintiff is entitled to the relief demanded, and such relief, or any part thereof, consists in restraining the commission or continuance of the acts complained of, either for a limited period or perpetually.
>
> (2) When it appears by the complaint or affidavit that the commission or continuance of some act during the litigation would produce waste, or great or irreparable injury to the plaintiff.
>
> (3) When it appears during the litigation that the defendant is doing, or threatens, or is about to do, or is procuring or suffering to be done, some act in violation of the plaintiff's rights, respecting the subject of the action, and tending to render the judgment ineffectual.

I.R.C.P. 65(e)(1-3) (subparts 4-6 are not applicable to this case). This determination is a matter within the sound discretion of the Court. *White v. Coeur d'Alene Big Creek Mining Co.*, 55 P.2d 720 (1936); *Harris v. Cassia County*, 106 Idaho at 517, 681 P.2d at 992 (1984).

### A. I.R.C.P. 65(e)(1) - Likelihood of Success

The "entitled to the relief demanded" language found in Idaho Rule of Civil

**MEMORANDUM ORDER - 5**

Procedure 65(e)(1) is often referred to as "substantial likelihood of success." *See Harris v. Cassia County*, 681 P.2d 988, 993 (Idaho 1984). "The substantial likelihood of success necessary to demonstrate that appellants are entitled to the relief they demanded cannot exist where complex issues of law or fact exist which are not free from doubt." *Id.*

Here, the parties' dispute involves several claims regarding enforcement of the terms of the Agreement. In particular, whether Mr. Munn breached the Agreement by "demanding additional, unearned compensation from Now Disc," failing to return a laptop purchased by Now Disc containing proprietary information, use of Now Disc property, fraud, breach of the non-compete/non-solicitation term of the Agreement and related claims. (Dkt. No. 1.) At issue in the instant Motion is the enforcement of one particular term of the Agreement, the non-compete/non-solicitation clause contained in Paragraph 8 which states, in relevant part:

> **NON-SOLICITATION, NON-COMPETITION.** Contractor shall not disclose and is prohibited from disclosing information with any other person, entity or agency regarding any product, customer, trade secret, marketing technique, or any other proprietary information regarding the business structure or any business information of Now Disc...Contractor is prohibited from soliciting or performing any work or duty in the sale or production of optical media products for himself, others, other entities, or competitors of Now Disc outside of this [Agreement] or following termination of this [Agreement] for a period of two years. The scope of said non-competition provision shall be the United States east of the Mississippi River. The same is based upon the scope of the territory which the Contractor has or can influence during the term of this contract.
>
> For the purposes of non-competition, the same shall mean induce or attempt to persuade any former, current or future employee, agent, manager, consultant, director, or other participant in Now Disc's business to terminate such employment or other relationship in order to enter into any

> relationship with the Contractor, any business organization in which the Contractor is a participant in any capacity whatsoever, or any other business organization in competition with Now Disc, or use contracts, proprietary information, trade secrets, confidential information, customer lists, mailing lists, goodwill, or other intangible property used or useful in connection with Now Disc's business.

(Dkt. No. 9, Ex. A ¶ 8.)

"Covenants not to compete in employment contracts are 'disfavored' and 'strictly construed against the employer.'" *Intermountain Eye & Laser Ctrs., P.L.L.C. v. Miller*, 127 P.3d 121, 127 (Idaho 2005) (quoting *Freiburger v. J-U-B Engineers, Inc.*, 111 P.3d 100, 105 (Idaho 2005)). A covenant not to compete will only be enforced if the covenant: "(1) is not greater than is necessary to protect the employer in some legitimate business interest; (2) is not unduly harsh and oppressive to the employee; and (3) is not injurious to the public." *Freiburger*, 111 P.3d at 105. That being said, "non-compete provisions are permissible means to protect employers from their former employees who would use proprietary or other confidential business information to compete against them." *Intermountain Eye and Laser Centers, P.L.L.C. v. Miller*, 127 P.3d 121, 128 (Idaho 2005) (citation omitted).

The Court finds Now Disc has demonstrated they are likely to succeed on the merits of their claim. In this case, the clause in Paragraph 8 is not greater than necessary to protect Now Disc's protect able interest. Mr. Munn is the type of employee that an employer would want to have execute a non-compete clause. Mr. Munn had numerous years of employment in the business before he came to work for Now Disc. The Agreement's non-compete clause helped ensure that Mr. Munn would remain at Now Disc and would not compete against Now Disc for a two-year period of time following any termination of the Agreement. This is a protectable business interest. "An employer also has 'a protectable interest in the customer relationships its former employee established and/or nurtured while employed by the employer and is entitled to protect itself from the risk that a former employee might appropriate customers by taking unfair advantage of the contacts developed while working for the employer.' This rule recognizes the general point of non-compete provisions in the first place: to protect employers from 'the detrimental impact of competition by employees who, but for their employment, would not have had the ability to gain a special influence over clients or customers.'" *Intermountain*, 127 P.3d at 128-29 (citation omitted).

Further, the non-compete clause is not unduly harsh and oppressive to Mr. Munn nor injurious to the public. The clause is for a finite period of time, two years, and limited geographically to the eastern United States. Given the nature of Now Disc's business, whose mobility does not necessarily limit its competitors to the eastern United States, the temporal and geographic restrictions are reasonable. (Dkt. No. 12, p. 9.) Likewise, the

clause does not appear to be overly broad in nature given it is limited to prohibiting Mr. Munn's disclosure of Now Disc's proprietary information; soliciting or performing work for himself, other entities, or competitors of Now Disc in Eastern United States; and competing and/or inducing others to join him in competing with Now Disc. *See* (Dkt. No. 9, Ex. A ¶ 8).[1] Further, while the public may have an interest in competition, the non-compete clause here does not injure the public in that it allows Mr. Munn to pursue employment in other geographical areas and other types of business employments and is limited in its duration. As such, and there being no opposition to the Motion, the Court finds Now Disc has demonstrated a likelihood of success on the merits of their claim.

### B.  I.R.C.P. 65(e)(2) - Waste, or Great or Irreparable Injury

The damage alleged to be irreparable here is Mr. Munn's solicitations of employment with competitors of Now Disc located in the eastern United States and his retention of proprietary information. (Dkt. No. 12, Powell Aff.) The Affidavit of Brian Powell, President of Now Disc, and supporting documentation indicates Mr. Munn was listed as an employee on two competing companies websites within one year after the Agreement with Now Disc was terminated in September of 2009. *See* (Dkt. No. 12, Powell Aff., Exs. A, B.) Such employment is contrary to Paragraph 8: "Contractor is prohibited from soliciting or performing any work or duty in the sale or production of

---

[1] In so stating, the Court does not rule one way or another on the merits of the dispute between the parties. Whether Now Disc ultimately prevails on its claims and/or the non-compete clause is upheld are matters to be resolved later. The Court makes these findings here only for purposes of the Motion for Preliminary Injunction.

**MEMORANDUM ORDER - 9**

optical media products for himself, others, other entities, or competitors of Now Disc...following termination of this [Agreement] for a period of two years." (Dkt. No. 9, Ex. A.) This provision of the Agreement is very clear and unambiguous. *See Harris*, 681 P.2d at 988. ("a preliminary mandatory injunction is granted only in extreme cases where the right is very clear and it appears that irreparable injury will flow from its refusal") (citation omitted). Mr. Munn does not dispute these facts. Thus it appears Mr. Munn was and/or is in violation of Paragraph 8 of the Agreement.

Further, Now Disc asserts that Mr. Munn has improperly retained a Now Disc laptop which contains "highly sensitive, confidential and proprietary information of Now Disc, including, among other things, sales contacts and leads, customer lists, marketing plans, pricing data, product margins, product plans, software, and other intangible Now Disc proprietary information." (Dkt. No. 12, Powell Aff. ¶ 8.) Such information is valuable, "the secrecy of which is essential" to Now Disc maintaining its "strong competitive edge" in the competitive disc replication market. (Dkt. No. 12, p. 10-11.) Mr. Munn acknowledged as much in Paragraph 8 of the Agreement which states:

> The Contractor acknowledges that monetary damages would be inadequate to compensate Now Disc for any breach by the Contractor of the covenants set forth in this [Agreement]. Contractor agrees that, in addition to other remedies which may be available, Now Disc shall be entitled to obtain injunctive relief against the threatened breach of this [Agreement] or the continuation of any breach, or both, without the necessity of proving actual damages.

(Dkt. No. 9, Ex. A ¶ 8.) Based on the current record, the Court finds Mr. Munn is and/or has violated the terms of the Agreement such that Now Disc will suffer great and/or

irreparable injury without issuance of a permanent injunction.

### C. I.R.C.P. 65(e)(3) - Violation of Rights Making Judgment Ineffectual

The Court also finds Now Disc has shown Mr. Munn's actions in violation of New Disc's protected right threatens or tends to make a judgment entered in this case ineffectual. The non-compete clause of the Agreement limits Mr. Munn's activities so as to protect Now Disc's interests in exchange for compensation. To the extent he is acting contrary to the clause, New Disc will suffer irreparable harm in the loss of its market advantage and value of its proprietary information which cannot be restored.

### D. Conclusion

Based on the foregoing and being fully advised in the premises, the Court finds Now Disc's Motion for Preliminary Injunction is well taken. Now Disc has demonstrated a likelihood of success on the merits of its claim regarding the non-solicitation/non-competition clause of the Agreement, irreparable injury, and that failure to issue an injunction would render a later judgment ineffectual. Mr. Munn has not responded or otherwise disputed the allegations. Accordingly, the Court will grant the Motion and issue an Injunction ordering Mr. Munn to act in accordance with the terms of the non-solicitation/non-competition clause of the Agreement until otherwise ordered by the Court.

### ORDER

NOW THEREFORE IT IS HEREBY ORDERED as follows:

1) Defendant's Motion to Dismiss (Dkt. No. 7) is **DENIED**.

2)      Plaintiff's Motion for Preliminary Injunction (Dkt. No. 12) is **GRANTED**.



DATED:  **November 19, 2010**

Honorable Edward J. Lodge
U. S. District Judge

**MEMORANDUM ORDER - 12**